Upson J.
The plaintiffs ash that the judgment of the district court, affirming that of the court of common pleas, may be reversed, on the ground that the court of common pleas erred in directing the jury to render a verdict for the defendant. There was no evidence tending to prove that the defendant was indebted to C. A. Brigham, or that there was any consideration, between them, for the defendant’s offer to honor his brother’s drafts. The defendant was to become an accommodation acceptor, and to sustain, in fact, the relation of a surety for C. A. Brigham. In order to render the defendant liable, either upon an implied acceptance of the drafts described in the petition, or upon an agreement to accept the same, it was necessary for the plaintiffs to prove that the drafts were drawn in accordance with the terms of the authority given by the defendant, and that the plaintiff's took them, for value, upon the faith *140 of the letter of credit. It is doubtful whether the defendant’s letter can properly be called a letter of credit, - or was intended to be shown for the purpose of giving credit to drafts drawn by C. A. Brigham; but it is clear from its language that the defendant intended the drafts to be used only for the purpose of being discounted at the bank at which C. A. Brigham did business, the National City Bank, and the transfer of them to the plaintiff, with notice that the bank had refused to discount them, was in violation of the rights of the defendant, who is bound only by the very terms of his contract, and he is under no legal obligation to accept or pay such drafts. Stone v. Vance, 6 Ohio, 246; Clinton Bank of Columbus v. Ayres, 16 Ohio, 283.
But even if we were to regard the defendant’s letter as ageneral letter of credit, and the drafts held by the plaintiff, as being within its exact terms, it must still be proved that the drafts were taken for a valuable consideration. We are unable to find in this case any evidence tending to prove that any benefit accrued to the defendant, or to C. A. Brigham for whose accommodation the drafts were to be honored ; or any evidence tending to prove that any loss or disadvantage accrued to the plaintiffs by reason of their taking the drafts described in the petition.
The testimony relied on to show a consideration is, that C. A. Brigham made an arrangement with the plaintiffs to take the two drafts, have them discounted at the'Merchants National Bank, and take up the two notes mentioned in the petition, on which they were indorsers ; that the drafts were left with them in accordance with that arrangement, and that they paid the notes when due. The receipt given to C. A. Brigham by the plaintiffs is also referred to.
Prom this evidence it is clear that no new obligation was incurred by the plaintiffs. They did not have the drafts discounted and become liable thereon as indorsers. They gave no additional security, incurred no new responsibility and paid no money on the faith of the defendant’s promise. What they agreed to do in respect to the notes indorsed by them, and what they did, was no more than they were bound, by their contract, to do, before *141 the defendant’s letter was written ; and when they paid the accommodation notes, they paid only the amounts, and at the times, therein specified.
We think the court of common pleas did not err in directing the jury to render a verdict for the defendant.

Judgment affirmed.